

# THE ATTORNEY GENERAL

## OF TEXAS

GERALD C. MANN

XXXXXXXXXXXXXXXXXX

ATTORNEY GENERAL.

AUSTIN 11, TEXAS

Honorable M. O. Flowers
Secretary of State
Austin, Texas

Dear Sir:

Attention: Mr. Will Mann Richardson

Opinion No. O-2544-A
Re: Reconsideration of opinion No.
O-2544

Your request for reconsideration of the above numbered opinion of this department has been received. The brief submitted in connection therewith has also been received and carefully considered.

We quote from opinion No. O-2544, as follows:

"Section 6 of Article 12 of the Texas Constitution reads:

"'No corporation shall issue stock or bonds except for money paid, labor done or property actually received, and all fictitious increase of stock or indebtedness shall be void.'

"We think the correct test for the determination of whether or not property is of such character as to be capable of being accepted by a corporation in payment of capital stock was set forth by Judge Phillips of the Supreme Court in the case of Washer vs. Smyer, 211 S. W. 985, 4 A. L. R. 1320. The question involved in such case whether or not a note was property within the purview of the above quoted constitutional provision. The court said:

"'Undeniably, in the broad sense a note is property in the hands of the payee. So, in a literal sense, is everything property which is capable of ownership. All forms of choses in action are property in the same sense--the right to recover a debt, the right to recover damages for breach of a contract, unsatisfied judgments, and other similar kinds of actionable demands. But the framers of the Constitution never intended that property of that nature should constitute the

capital of a corporation. The term "property" was used in this section of the Constitution in no such sense. It means property readily capable of being applied to the debts of the corporation. As a rule, it should be property of the kind adapted as to the charter uses of the corporation and which it may legally acquire. There are some classes of property which are so staple in character and so easily convertible into money as to be in actual commerce the ready equivalent of money, and it is possible that a corporation in its formative period would be authorized to receive such property in payment for stock though not, in a strict sense, adapted to its purposes. The different forms of valuable property and the different purposes for which corporations may be created, make it impossible to lay down other than general rules upon the subject.

"'The integrity of a corporation and the interests of the public demand, however, that the assets of a corporation consist of something more than its stockholders' debts. Its capital cannot be thus constituted, and therefore it cannot accept a stock subscriber's note in payment for his stock. There is authority opposed to this holding, as there is authority which supports it. But it seems to us no authority is needed to establish it.'

"Viewing the contract involved in the light of the foregoing well established principles of law, we do not believe it constitutes property within the purview of the Constitution and consequently the charter amendment does not warrant your approval."

The courts have held that the Board of directors of a corporation have no authority to contract for personal services and impose an obligation thereby upon the corporation to continue beyond their term of office. See the case of Denton Milling Company vs. Blewett, 254 S. W. 236, writ of error denied 278 S. W. 1114, 114 Tex. 582, and also the case of Clifford vs. Firemen's Mut. Benefit Ass'n of City of New York, 249 N. Y. S. 713, 232 App. Div. 260, affirmed 182 N. E. 175, 259 N. Y. 547.

The proposed contract is speculative and uncertain in many respects, to wit:

1. It is highly speculative and uncertain as to whether or not

there will ever be any proceeds from the contract, and what amount, if any.

2. It is speculative as to whether or not the newly elected board of directors each year will approve and re-enter the contract.

3. It is speculative as to whether or not the president will be removed from office.

4. The continued solvency of the insurance company is speculative.

We think said contract is so highly speculative as to impose an impossible burden upon the Secretary of State to determine what value, if any, said contract has, thus rendering the same incapable of being considered as property within the purview of Section 6 of Article 12 of our State Constitution.

We hereby approve opinion No. O-2544 of this department. It is our opinion that the charter amendment does not warrant your approval.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/Wm. J. Fanning
Assistant

WJF:GO:wc

APPROVED SEP. 24, 1940
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By BWB Chairman